IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DONALD KING, | ) | CIVIL 16-00103 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PACIFIC GUARDIAN LIFE | ) | |
| INSURANCE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER DISMISSING PLAINTIFF'S VERIFIED COMPLAINT WITHOUT PREJUDICE</u>**

Pro se Plaintiff Donald W. King ("Plaintiff") filed his "Verified Conplant, Class Action. Civil Rights Action. Jury Demand" ("Verified Complaint") and an application to proceed in forma pauperis ("Application") on March 8, 2016. [Dkt. nos. 1, 2.]] Also on March 8, 2016, Chief United States District Judge J. Michael Seabright issued an order setting the Rule 16 Scheduling Conference for May 9, 2016 before the magistrate judge. [Dkt. no. 3.]

This Court filed an order denying Plaintiff's Application on March 23, 2016 ("3/23/16 Order"). [Dkt. no. 7.] The Court ordered Plaintiff to either pay the required filing fee or file an amended application by no later than May 9, 2016.[1]

---

[1] This Court noted that the Plaintiff's Application may be incomplete and that, if he provided complete information, this Court may be able to find that Plaintiff is unable to pay, or give security for, court fees. [3/23/16 Order at 3.]

The Court cautioned Plaintiff that, if he failed to pay the filing for or file an amended application, "this action may be automatically dismissed." [3/23/16 Order at 3-4.] The Clerk's Office sent the 3/23/16 Order to Plaintiff at the address provided on his Verified Complaint, but it was returned as undeliverable. [Dkt. no. 8.] Plaintiff has not submitted a notice of a change of address, as required by Local Rule 83.1(h).

As of the date of this Order, Plaintiff has neither filed an amended application nor paid the required filing fee. Further, Plaintiff failed to appear at the May 9, 2016 Rule 16 Scheduling Conference. [Minutes, filed 5/9/16 (dkt. no. 9).]

This Court may dismiss Plaintiff's action based on his failure either to pay the required filing fee or to file an amended application. See, e.g., Starks v. Land Title of Nev., Inc., 586 F. App'x 401 (9th Cir. 2014) (affirming dismissal of pro se litigant's action for failure to pay required filing fee because the plaintiff failed to provide sufficient information to allow the district court to verify her eligibility to proceed in forma pauperis). Plaintiff's failure either to pay the filing fee or to file an amended application is also a violation of the 3/23/16 Order. In addition, Plaintiff failed to appear at the scheduling conference. This Court may therefore dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 16(f)(1), which states, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> > (A)  fails to appear at a scheduling or other pretrial conference; [or]
> >
> > . . . .
> >
> > (C)  fails to obey a scheduling or other pretrial order.

After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[2] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the defendants apparently have not yet been served and will not be prejudiced by dismissal, and there are no less drastic alternatives available at this time.

On the basis of the foregoing, Plaintiff's Verified Complaint is HEREBY DISMISSED WITHOUT PREJUDICE. This Court DIRECTS the Clerk's Office to enter judgment and close the case immediately.

IT IS SO ORDERED.

---

[2] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).

DATED AT HONOLULU, HAWAII, May 16, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DONALD W. KING VS. GUARDIAN LIFE INSURANCE, ET AL; CIVIL 16-00103 LEK-KSC; ORDER DISMISSING PLAINTIFF'S VERIFIED COMPLAINT WITHOUT PREJUDICE**